**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ALAN THOMAS WATSON,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | |
| | : | **NO. 7:26-cv-35-LAG-CHW** |
| **Sheriff ASHLEY PAULK,** | : | |
| | : | **HABEAS PROCEEDINGS** |
| **Respondent.** | : | **BEFORE THE U.S. MAGISTRATE JUDGE** |

## ORDER

*Pro se* Petitioner Alan Thomas Watson, an inmate in the Lowndes County Jail in Valdosta, Georgia, has filed a petition for federal habeas corpus relief.  ECF No. 1. Petitioner appears to challenge three separate convictions: his December 12, 2018 conviction for Possession of Cocaine with Intent to Distribute and Possession of Firearm by a Convicted Felon in Lowndes County Superior Court case # 2016CR112, a revocation of his probation in that criminal case from 2025 that resulted in a sentence of three years incarceration, and his pre-trial detention without bail for Aggravated Stalking Charges in Lowndes County Superior Court case # 2025CR00692. *See id*.  These are separate matters that must be challenged in separate habeas petitions and cannot be litigated under one civil action number.

Accordingly, Petitioner is **ORDERED** to recast his petition on the Court's standard form.  In so doing, he must select only one of these matters he wishes to pursue under the current civil action number.  If Petitioner wishes to challenge the remaining two criminal

matters, he must do so in separate habeas petitions for each matter and must address the filing fee in those separate civil actions.

Plaintiff is advised that any petition for habeas corpus relief is subject to the exhaustion doctrine.  *See* 28 U.S.C. § 2254(b).  A prisoner is required to exhaust all available state remedies before he may go forward with a habeas action in federal court. *See Dill v. Holt*, 371 F.3d 1301, 1302 (11th Cir. 2004); *Skinner v. Wiley,* 355 F.3d 1293, 1295 (11th Cir. 2004) (holding that administrative exhaustion is required "in all habeas cases").  To exhaust fully, Petitioner must also present his claims to the highest court in the state, either on direct appeal or state collateral review, even if the review in the state supreme court is discretionary.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that exhaustion requires that "state prisoners . . . give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."); *Pope v. Rich*, 358 F3d 852, 854 (11th Cir. 2004) (per curiam) (citations omitted) (holding that a petitioner fails to "exhaust his state remedies by failing to petition the Georgia Supreme Court for a certificate of probable cause to appeal the denial of his state habeas petition").

When Petitioner recasts his habeas application, he is further **ORDERED** to include detailed information regarding any motions, appeals, and/or state habeas petitions that he has filed in any Superior Court, the Georgia Court of Appeals, the Supreme Court of Georgia, or any other appellate court as to the criminal matter he is now challenging in

federal court, including the case numbers of each filing, the dates of their dispositions, and the outcome of each previous motion, appeal, and/or state habeas petition.

Petitioner shall have **FOURTEEN (14) DAYS** from the date shown on this Order to submit his recast petition as instructed. Petitioner must keep the Court advised of any change of address. **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.** There will be no service of process in this case until further order of the Court.

The Clerk is **DIRECTED** to mail Petitioner the Court's standard § 2241 habeas petition form for Petitioner's use if he chooses to challenge his pre-trial detention for Aggravated Stalking charges and the Court's standard § 2254 form if Petitioner instead chooses to challenge his 2018 conviction for drug and firearm offenses or in the alternative, his 2025 probation revocation. The Court again reiterates to the Petitioner that these are three separate matters that cannot be raised in a single habeas application and Petitioner is thus instructed to limit the allegations in his recast petition only to the singular criminal case that he is challenging in the present civil action.

**SO ORDERED and DIRECTED**, this 8th day of June, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge

3