**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **ALAN THOMAS WATSON,** | : | |
| **Petitioner,** | : | |
| **V.** | : | **NO. 7:26-cv-00035-LAG-CHW** |
| **SHERIFF ASHLEY PAULK,** | : | |
| **Respondent.** | : | |

**ORDER**

Petitioner Alan Thomas Watson, a prisoner in Rogers State Prison in Reidsville, Georgia, filed a pro se application for writ of habeas corpus. ECF No. 1. In the petition, Petitioner appeared to be attempting to challenge three separate incidents of incarceration (a 2018 conviction, a 2025 probation revocation, and a current pre-trial detention). *See id.* The Court informed Petitioner that these separate matters could not all be litigated under the same petition and instead must be challenged separately. ECF No. 7 at 1. To that end, Petitioner was ordered to recast his petition on the Court's standard form to challenge only one of the incidents of incarceration. *Id.* at 1-2. Petitioner was given fourteen days to file his recast petition and cautioned that his failure to do so may result in the dismissal of this case. *Id.* at 3.

Petitioner did not file a recast petition or otherwise respond to the order for him to do so within the allotted time. As a result, Petitioner was ordered to show cause why this case should not be dismissed based on his failure to recast his petition consistent with this Court's order. ECF No. 9. Petitioner has now filed a response to the order to show cause

and a motion to appoint counsel in this case. ECF No. 12.[1]

In response to the show cause order, Petitioner acknowledges that he received the order to recast on June 26, 2025, and the order to show cause on August 5, 2026. *Id.* at 1. He asserts that he initially filed an unsigned response because of sleep deprivation, poor nutrition, mental illness, and "lack of focus." *Id.* He also asserts that he has not had a place to write or research his habeas petition and has had extremely limited access to the law library or research materials. *Id.* at 1-2. He adds that the prison is understaffed and overcrowded. *Id.* at 2-3.

As noted above, Petitioner also moves for appointed counsel. Recognizing that appointed counsel is a privilege justified only by extraordinary circumstances, Petitioner asserts that his case is "unprecedented and complex," he is unable to properly investigate his case, and his documentation and research are all with his appointed, post-conviction counsel, who he says has abandoned his case. *Id.* at 3. Petitioner further contends that his case will involve conflicting testimony and that appointment of counsel would serve the parties and the court. *Id.*

There is generally no guaranteed right to legal representation in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992). Appointment of counsel

[1]Petitioner initially filed an unsigned response and motion to appoint counsel, which was entered on the docket as two separate docket entries. ECF Nos. 10 & 11. The clerk issued a notice of deficiency informing Petitioner that he must refile signed copies of the filings. Thereafter, Petitioner filed a new, signed response and motion. ECF No. 12.

is required in a habeas action if counsel is necessary for effective utilization of discovery procedures or if an evidentiary hearing is required. *See* Rules Governing § 2254 Cases, Rules 6(a) and 8(c). Appointed counsel is also required if the petitioner is a death row inmate pursuing federal habeas corpus relief. *See, e.g., McFarland v. Scott*, 512 U.S. 849, 854 (1994). In other situations, the Court may appoint counsel if it "determines that the interests of justice" require representation. 18 U.S.C. § 3006A(a)(2)(B).

Although Petitioner asserts that he is unable to research his case, he is not required to present researched argument to the Court at this stage of the proceeding. Instead, Petitioner must submit a completed 28 U.S.C. § 2254 form, which will be provided to him with this order. In filling out the form, Petitioner must answer all questions and tell the Court, in his own words and in plain, simple language, how he believes that his constitutional rights were violated in the state court proceeding. Petitioner's other arguments also do not show that appointment of counsel is warranted at this time.

Therefore, Petitioner's motion to appoint counsel (ECF Nos. 11 & 12) is **DENIED**. If it becomes apparent at some point later in these proceedings that counsel should be appointed for Petitioner, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time. Consequently, there is no need for Petitioner to file additional requests for counsel.

Petitioner will now be given one final chance to recast his petition in this case. Therefore, Petitioner is **ORDERED** to file a recast petition on the provided form within

**FOURTEEN (14) DAYS** from the date of this order. Petitioner's failure to fully and timely comply with this order may result in the dismissal of this petition.

The clerk is **DIRECTED** to forward Petitioner a blank 28 U.S.C. § 2254 form along with his service copy of this order (with the civil action number showing on both). There shall be no service in this case pending further order of the Court.

**SO ORDERED and DIRECTED**, this 17th day of November, 2026.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge